CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2014

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN PATRICK DONOHUE, | ) | CASE NO. 7:14CV00151 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LT. D. A. STILL, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

John Patrick Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials falsely accused him of threatening them as a pretext to remove his personal property and clothing from his cell for seven hours. Upon review of the record, the court finds that the action must be summarily dismissed as frivolous.

## Background

Donohue, an inmate at Red Onion State Prison, alleges the following sequence of events on which he bases his claims. On May 11, 2013, Donohue complained to Officer Johnson that Officers Owen and Gibson had denied his recreation and shower. Johnson falsely claimed that according to the list, Donohue had refused these privileges. Donohue asked to see the sergeant, and when no one would comply with this request, Donohue started to cover his cell window. Officer Owen then showed Donohue the list, which did not state that he had refused his shower and recreation. Because Donohue had tried to cover his window, however, Owen refused to provide Donohue with a shower or recreation.

After talking to Owen, Sgt. Kiser ordered that Donohue be placed on "strip cell." (Id.) With Lt. Still supervising, Owen and Gibson held Donohue, while Kiser and Johnson removed

his property and clothes. Owen allegedly said to Donohue, "If you look in my direction again, I will say you spit in my face and I will slam your f---ing head into the wall or the f---ing cement floor." (Compl. 6.) Lt. Still, Owen, and Gibson said that Donohue had threatened them all with bodily harm. Donohue spent seven hours in his cell, clad in boxer shorts and shower shoes, with all his personal property sitting on a table in the pod area. When officers returned Donohue's property to him, four law books were missing.

Donohue asserts that Kiser, Owen, and Gibson violated his constitutional rights by "goad[ing him] to act out," misusing strip cell status as punishment, and causing the loss of his law books. (Compl. 6.) He sues Lt. Still and Warden Mathena for failing to prevent such abuse by their subordinates. As relief, Donohue seeks monetary damages.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or based on "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).

The Eighth Amendment protects prisoners from cruel and unusual living conditions, but "restrictive and even harsh" conditions that do not inflict harm "are part of the penalty that

2

criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a claim of unconstitutional living conditions, an inmate must allege facts on which he could prove that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

The scenario Donohue describes in his complaint simply does not give rise to any claim of constitutional proportions. Taking his allegations as true, at the most, the defendants denied him a shower and a recreation session after he violated prison rules by covering his window, verbally threatened him, and deprived him of his property and outer clothing for seven hours. Donohue does not allege that these temporary deprivations caused him any physical harm. Thus, the court will dismiss his claims concerning these events under § 1915A(b)(1) as frivolous.

Donohue's complaint about his lost books must also be dismissed as frivolous. Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as Donohue possessed tort remedies under Virginia state law to seek reimbursement for the value of his missing books, see Va. Code Ann. § 8.01-195.3, it is clear that he has neither the factual or legal basis for a constitutional claim regarding the alleged property loss in this case.

## Conclusion

For the reasons stated, the court dismisses Donohue's § 1983 complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.* The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of April, 2014.

                                                            Chief United States District Judge

---

* The court also declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as to any possible claim plaintiff may seek to pursue under state law. If the defendants allegedly violated prison procedures, by failing to inventory Donohue's property or other omissions, such violations are not actionable under § 1983. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding § 1983 intended to protect only rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law). All such claims are dismissed without prejudice.